
SEALED

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

JAN 0 4 2019

JULIA C. DUDLEY, CLERK
BY: /s/ P. Clark
DEPUTY CLERK

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 1:19mj1
111 2nd Street )
Bristol, VA )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ____Western____ District of ____Virginia____ *(identify the person or describe property to be searched and give its location):* 111 2nd Street, Bristol, VA - to include the residence, curtilage, garages, outbuildings, campers, persons present, vehicles present, and vehicles in the immediate vicinity of the residence (provided the operators of or keys to said vehicles are present on the premises). Attachment A consists of a photograph of the residence.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):* See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of __21__ U.S.C. § __846/841(a)(1)__, and the application is based on these facts:  See Attachment C       and/or   841(a)(1)

☑ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Brian Snedeker, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/4/19

*Judge's signature*

City and state: Abingdon, Virginia      Pamela Meade Sargent, USMJ
*Printed name and title*

# ATTACHMENT A



111 2nd Street, Bristol, VA

ATTACHMENT B

1. Methamphetamine distribution paraphernalia including (but not limited to) scales, cutting material, plastic baggies, wrapping material; devices used to communicate with other drug traffickers/co-conspirators including cellular telephones and two-way radios; electronic equipment used for counter-surveillance to include video surveillance systems and related DVRs (digital video recorders), scanners, and anti-bugging devices.

2. Firearms, including but not limited to handguns, rifles, and shotguns that are commonly used by individuals to protect controlled substances and related drug proceeds/assets. Firearms, oftentimes stolen, are also routinely bartered in exchange for controlled substances.

3. Books, records, ledgers, notes, and videos pertaining to the illicit distribution, purchasing, and transporting of methamphetamine.

4. Messages, letters, telephone numbers, and addresses relating to customers, suppliers, and other co-conspirators involved with the illicit distribution, purchasing, and transporting of methamphetamine. These messages, letters, telephone numbers, and addresses may be written on personal calendars, personal address and /or telephone books, Rolodex type indices, notebooks, loose pieces of paper, and found in mail.

5. Photographs and videos depicting methamphetamine, drug distribution paraphernalia, substantial assets, co-conspirators, and persons with methamphetamine,

6. Books, ledgers, receipts, bank statements, cashier's checks, and other items evidencing the acquisition, secreting, transferring and/or concealment of assets or the expenditure of narcotics proceeds.

7. Items or articles of personal property tending to show ownership, dominion, or control of the premises/property/vehicles. Such items or articles include (but are not limited to) personal identification, personal correspondence, diaries, checkbooks, notes, photographs, keys, receipts, mail, personal telephone and address books, videos, and motor vehicle related documents (titles/registrations).

8. Large amounts of currency (exceeding $1000.00) or readily transported assets which are used as cash equivalents (cashier's checks, prepaid money/credit cards, money orders, gold, diamonds, precious jewels, etc.)

9. Items listed in Paragraphs 3 through 7 may be stored in digital media. Therefore, digital media (including but not limited to computers/computer hard drives, digital video recorders (DVRs), floppy disks, CD's, flash/jump drives, personal digital assistants (PDA's), cellular telephones/smartphones, digital cameras, iPODs, iPADs, etc.) are to be seized and examined for the items listed in Paragraphs 3 through 7.

ATTACHMENT C

AFFIDAVIT of
Special Agent Brian Snedeker
Drug Enforcement Administration
Bristol, Virginia

1. I, Special Agent Brian Snedeker, being duly sworn hereby depose and say:

2. The purpose of this application and affidavit is to secure a search warrant for the premises known as 111 2nd St, Bristol, VA. This affiant, after obtaining and reviewing information, believes there is evidence of distribution of methamphetamine and/or conspiracy to distribute methamphetamine at 111 2nd Street, Bristol, VA in violation of 21 USC 841(a)(1) and 846/841(a)(1).

3. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for approximately (27) years. During my employment I have received comprehensive classroom training from the Drug Enforcement Administration in specialized narcotic investigative matters including but not limited to drug interdiction, drug detection, money laundering techniques and schemes, smuggling, and the investigation of individuals and organizations involving the smuggling, cultivation, manufacturing, and illicit trafficking of controlled substances and controlled substance precursors. I have participated in the investigations and subsequent arrests of hundreds of individuals involved with the trafficking of methamphetamine (a Schedule II Controlled Substance). I have also executed hundreds of search warrants related to the trafficking and manufacturing of methamphetamine.

4. The facts set forth in this affidavit are known to me as a result of my participation in the investigation of Earl McCoy and his associates and information provided to me by other law enforcement officers. Any reliable confidential source referred to in this affidavit has performed multiple controlled purchases (monitored, recorded, and surveilled by law enforcement) of methamphetamine. Any reference to the gender of any reliable confidential source does not necessarily reflect the true gender of said confidential source.

5. During 2018, a concerned citizen advised law enforcement that Earl McCoy and his partner, Anthony Smith, take trips each month to Atlanta (Georgia) to pick up methamphetamine and heroin.

6. On October 9, 2018, Anthony Smith was arrested in Bristol, VA during the course of a motor vehicle stop in which more than (1) ounce of methamphetamine was seized from Smith. Smith is currently free on bond.

7. Law enforcement observed Anthony Smith at Earl McCoy's residence (111 2nd St, Bristol, VA) during the latter half of October 2018.

8. During the last (50) days, law enforcement utilized a reliable confidential source (or sources) to perform multiple controlled purchases (monitored, surveilled, and recorded by law enforcement) of multi-gram quantities of methamphetamine from Earl McCoy at 111 2nd St, Bristol, VA.

9. During December 2018, law enforcement observed Anthony Smith's vehicle parked outside of Earl McCoy's residence.

10. During mid-December 2018, Earl McCoy's co-habitant filed a complaint with law enforcement claiming that McCoy threatened her with two firearms (striking her with one) he had within the residence. The co-habitant subsequently provided law enforcement with details regarding the firearms (handguns) with one being described as a revolver and one being described as a semi-automatic pistol. The co-habitant believes the firearms are real but is admittedly not very familiar with firearms. The co-habitant claimed that McCoy stuck her with the revolver. The co-habitant also provided law enforcement with medical documents related to the treatment she received as a result of her injuries and said documentation included references to contusions and indicated medication prescribed for treatment related to her injuries. The co-habitant also claimed that McCoy assaulted her in February 2018, but at that time he used a screwdriver and a tape measure as weapons (photos of the co-habitant and her injuries from that assault have recently been reviewed by law enforcement). Due to the fear the co-habitant now has of McCoy using firearms in his domestic violence assaults, she has moved out of the residence and taken her minor children with her. The Bristol Virginia Police Department detective responsible for investigating crimes of domestic violence is currently in the process of obtaining arrest warrants for Earl McCoy charging McCoy with brandishing a firearm and domestic assault utilizing a firearm.

11. During the last (12) days, a reliable confidential source advised law enforcement that Earl McCoy and Anthony Smith went on a road trip to pick up methamphetamine.

12. A reliable confidential source advised law enforcement that she observed a large quantity of methamphetamine (more than 20 ounces) at Earl McCoy's residence during the last (8) days. The reliable confidential source also advises that she has previously heard McCoy and Anthony Smith discuss firearms.

    This particular reliable confidential source has performed controlled purchases of methamphetamine and other controlled substances from numerous individuals in the Bristol, VA area over the last several years. These controlled purchases have led to the arrests and convictions of multiple defendants.

13. On multiple occasions during the last week, this affiant has observed a vehicle registered to Anthony Smith's daughter parked at Earl McCoy's residence. Individuals interviewed by law enforcement have advised that Smith's daughter and her boyfriend also sell methamphetamine.

14. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that individuals who distribute and/or conspire to distribute

methamphetamine typically maintain methamphetamine distribution paraphernalia (small, plastic, Ziploc-type baggies, digital scales, etc.), notes, records, messages, and telephone numbers (pertaining to methamphetamine trafficking related contacts/co-conspirators/customers), and other items as listed and explained on Attachment B (of the Application and Affidavit for Search Warrant to which this affidavit is attached) on their persons, inside their residences, garages, outbuildings/barns, campers, vehicles (or the vehicles they operate), and inside of vehicles registered to other persons when those vehicles are parked at or in the immediate vicinity of the trafficker's/conspirator's residence/property.

15. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that persons who distribute and/or conspire to distribute methamphetamine routinely have individuals who are customers and/or co-conspirators present at their residences, garages, outbuildings/barns, and campers. These customers/co-conspirators are typically drug users and drug traffickers themselves as they generally sell some (if not all) of the methamphetamine they purchase in order to make a profit, pay for their own drug habits, or both. These customers/co-conspirators often illegally possess methamphetamine and drug use/distribution paraphernalia along with notes, records, messages, and telephone numbers (pertaining to the acquisition/distribution of methamphetamine), and other items as listed and explained on Attachment B (of the Application and Affidavit for Search Warrant to which this affidavit is attached) on their persons and in their vehicles (or the vehicles they operate) which are oftentimes parked at or in the immediate vicinity of their sources'/co-conspirators' residences.

16. Methamphetamine traffickers are regularly found to be methamphetamine users as well. Methamphetamine use routinely causes individuals to act in a paranoid, aggressive, and oftentimes panicked manner thereby presenting a significantly increased level of danger to law enforcement. Methamphetamine traffickers routinely maintain/utilize firearms to protect their methamphetamine, related proceeds, and sales locations, and thus present a significantly increased level of danger to law enforcement. Based upon the above and the information contained within ¶10 and ¶12, this affiant believes there is reasonable suspicion that knocking and announcing the presence of law enforcement officers at the time of the execution of this search warrant would prove dangerous to the law enforcement officers involved in the execution of the search warrant.

17. Earl McCoy's known residence is 111 2nd Street, Bristol, VA (located within the Western District of Virginia).

18. Based upon the facts set forth above, I believe there is probable cause for the issuance of a search warrant for the premises known as 111 2nd Street, Bristol, VA as there is probable cause to believe that there is evidence of a violation of 21 USC 841(a)(1) and 846/841(a)(1) at said premises.

_____  1-4-2019
Brian Snedeker, Special Agent (DEA)     Date


Subscribed and sworn to before me, this the ____ day of January, 2019
in Abingdon, Virginia.

_____
Pamela Meade Sargent
United States Magistrate Judge
Western District of Virginia


Seen by:


_____/s/ Roy F. Evans_____     01-02-2019
Roy F. Evans, SAUSA            Date